IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. CAMPBELL<br>No. 29497-044<br>FORREST CITY LOW FCI<br>1400 Dale Bumpers Road<br>Forrest City, AR 72335`<br><br>                Petitioner<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>                Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>) |

MOTION TO VACATE, SET ASIDE, OR CORRECT
A SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner Steven C. Campbell states:

1. This motion is filed pursuant to 28 U.S.C. § 2255 to challenge the sentence imposed as part of a judgment of conviction entered in the United States District Court for the Eastern District of Missouri. The docket number of that case was 4:12-cr-00251.

2. The date of the judgment of conviction and sentencing was December 18, 2012.

3. The length of the sentence of imprisonment imposed upon Mr. Campbell was 92 months.

4. The offenses of conviction were conspiracy to possess anabolic steroids with the intent to distribute that controlled substance and conspiracy to commit money laundering.

5. Mr. Campbell pled guilty to both charges.

6. Mr. Campbell did not go to trial.

7. Mr. Campbell did not testify at any hearing or trial.

8. Mr. Campbell appealed from the judgment of conviction and sentence.

9. The appeal was directed to the United States Court of Appeals for the Eighth Circuit. The appeal was docketed as United States of America v. Steven C. Campbell, No. 13-1023. The Court of Appeals denied Mr. Campbell's appeal in a judgment filed on August 22, 2014. The citation for that opinion is United States v. Campbell, 764 F.3d 874 (8th Cir. 2014). Mr. Campbell raised the following issues in his appeal:

a. Whether the District Court had committed plain error in imposing a sentence calculated pursuant to U.S.S.G. § 2S1.1(a)(2) rather than § 2S1.1(a)(1).

b. Whether the District Court had committed plain error in imposing a 6-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(1) because that enhancement only is applicable when the base offense level is properly calculable under § 2S1.1(a)(2).

Mr. Campbell did not file a petition for a writ of certiorari in the United States Supreme Court.

10-11. Except for the appeal described above, Mr. Campbell has not filed any other motion, petition, or application concerning the judgment of conviction or sentence in any court.

2

12. Mr. Campbell believes that his detention under its present terms is in violation of the Constitution and laws of the United States for the following reasons:

**First Ground:** Defense counsel was ineffective in his advice to and representation of Mr. Campbell from the time that a plea agreement was being negotiated through the time of sentencing. Counsel's ineffectiveness deprived Mr. Campbell of his Sixth Amendment right to the effective assistance of counsel and his Fifth Amendment right to due process and fundamental fairness. Counsel's mistakes also deprived Mr. Campbell of his statutory right to a sentence determined after reference to and consideration of the provisions, and in particular the offense calculation directives, of the Sentencing Guidelines properly applicable in the premises of the case. Counsel accepted the terms of a proposed plea agreement, and advised Mr. Campbell to accept those terms and plead guilty, despite the fact that the plea agreement would induce the District Court to adopt an erroneous offense level calculation and impose a sentence substantially greater than the Guidelines range actually applicable in the circumstances of the case.

**Supporting Facts:** The government had agreed to stipulate that the quantity of anabolic steroids attributable to the drug conspiracy was between 1 and 2.5 kilograms and that the amount of money involved in the drug and money laundering conspiracies was $400,455. Under those facts, in particular the fact that the quantity of anabolic steroids involved in the drug conspiracy was known to be between 1 and 2.5 kilograms, Mr. Campbell's offense level should have been

3

calculated on the basis of the drug quantity pursuant to U.S.S.G. § 2S1.1(a)(1) rather than the dollar amount pursuant to § 2S1.1(a)(2). As the Court of Appeals explained:

> In 2001, the Sentencing Commission amended the money-laundering sentencing guidelines "to tie offense levels for money laundering more closely to the underlying conduct that was the source of the criminally derived funds." To accomplish this goal, the Guidelines distinguish between direct money launderers in § 2S1.1(a)(1) and third-party launderers in § 2S1.1(a)(2). A direct launderer commits the crime that produces the illicit funds. A third-party launderer has no involvement in the underlying offense but only launders money that the underlying offense generated. A party should be sentenced under § 2S1.1(a)(2) only when the underlying offense level cannot be determined, in which case the calculation is determined by the value of the laundered funds.

*United States v. Campbell*, 764 F.3d 874, 877-78 (8th Cir. 2014). Counsel advised Mr. Campbell to accept the terms of the plea agreement and to proceed at change of plea and sentencing hearings on the basis of those terms. Mr. Campbell followed that advice. Counsel continued to represent Mr. Campbell through those proceedings apparently without recognizing the error in offense level calculation that would result from endorsing the plea and sentencing terms before the District Court. The District Court thus was induced to impose a sentence substantially

4

greater than the Guidelines range applicable to the offense level that actually applied in the circumstances of this case. The Court of Appeals relied upon principles of waiver and invited error in denying Mr. Campbell's appeal. *Campbell,* 764 F.3d at 878-79.  Mr. Campbell continues to be detained within the Bureau of Prisons pursuant to the sentence thus determined.

**Second Ground:**  Counsel for the government erred in specifying the Guidelines provision that would govern offense level calculation in the proposed plea agreement and in endorsing that method of calculation for the District Court. Although the government's error was inadvertent, the consequence of the District Court's reliance upon the affirmative representations and recommendations of prosecuting and defense attorneys nonetheless was the calculation and imposition of a sentence substantially greater than the range prescribed by the correct Guidelines provision.  The representations and affirmations of counsel thus resulted in a violation of Mr. Campbell's Fifth Amendment right to due process and fundamental fairness, as well as to a violation of his statutory right to a sentence determined after reference to and consideration of correct Guidelines provisions.

**Supporting Facts:**  As alleged in the First Ground, supra, Mr. Campbell should have been sentenced under U.S.S.G. § 2S1.1(a)(1) instead of U.S.S.G. § 2S1.1(a)(2).  The latter provision should only be applied when the underlying offense level cannot be determined. *Campbell,* 764 F.3d at 877-78.  Based upon the Guidelines information and recommendation recited in the plea agreement, the

5

District Court was induced to accept an erroneous offense level calculation based upon the provisions of U.S.S.G. § 2S1.1(a)(2) and thus to impose a sentence substantially greater than that which would have been imposed if the error of all counsel had not been made.

13. Mr. Campbell has not presented the ground for post-conviction relief set forth in paragraph 12 in any federal court. He has not previously commenced or participated in any proceeding in federal court except for the District Court and Court of Appeals proceedings described in this motion.

14. Mr. Campbell has no motion, petition, or appeal seeking any relief now pending in any court.

15. Mr. Campbell has been represented in prior proceedings by the following attorneys:

a. At all proceedings in the District Court:

Thomas H. Yarbrough
8011 Clayton Road, 3rd Floor
St. Louis, Missouri 63117
Telephone: (314) 727-7100

b. At all proceedings in the Court of Appeals:

Michael Gross
231 South Bemiston Avenue, Suite 250
St. Louis, Missouri 63105
Telephone: (314) 863-5887

16. The District Court sentenced Mr. Campbell on both counts of a two-count indictment at the same time.

17. Mr. Campbell has no future sentence to serve after completion of the sentence that is challenged in this motion.

18. This motion has been filed within one year after the judgment of conviction became final, as required by 28 U.S.C. §2255(f), and thus is timely. The District Court imposed sentence and entered its judgment on December 18, 2012. Mr. Campbell filed his notice of appeal on December 31, 2012. The Court of Appeals entered its judgment on August 22, 2014.

THEREFORE Mr. Campbell requests that the Court vacate the sentence previously imposed upon him and correct that sentence by imposing a new sentence after reference to and consideration of the applicable Sentencing Guidelines.

Respectfully submitted on January 26, 2015:

MICHAEL GROSS LAW OFFICE

/s/    Michael Gross
231 South Bemiston Avenue, Suite 250
St. Louis, Missouri 63105
Telephone: (314) 863-5887
Email: mgross@grossbriefs.com

*Attorney for Defendant and Movant*